**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4417**

UNITED STATES OF AMERICA,

              Plaintiff – Appellee,

        v.

ELIJAH GRANT, a/k/a Box,

              Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert J. Conrad, Jr., District Judge. (3:14-cr-00017-RJC-16)

Submitted: December 9, 2016        Decided: December 16, 2016

Before GREGORY, Chief Judge, SHEDD, Circuit Judge, and DAVIS, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Amy K. Raffaldt, MACE FIRM, Myrtle Beach, South Carolina, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Elijah Grant was charged with violating various conditions of his supervised release. At a hearing at which Grant admitted committing the violations, the district court revoked release and sentenced Grant to 12 months in prison. Grant appeals. His attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), questioning whether the sentence is reasonable but concluding that there are no meritorious issues for appeal. Grant was advised of his right to file a pro se brief but has not filed such a brief. We affirm.

We will uphold "a revocation sentence if it is within the statutory maximum and is not 'plainly unreasonable.'" United States v. Webb, 738 F.3d 638, 640 (4th Cir. 2013) (quoting United States v. Crudup, 461 F.3d 433, 438 (4th Cir. 2006)). The record establishes that Grant was sentenced within the statutory maximum term of three years, see 18 U.S.C. § 3583(e)(3) (2012). The remaining question is whether the sentence is plainly unreasonable.

"When reviewing whether a revocation sentence is plainly unreasonable, we must first determine whether it is unreasonable at all." United States v. Thompson, 595 F.3d 544, 546 (4th Cir. 2010). Only if we find a sentence to be unreasonable will we

consider whether it is "plainly" so. United States v. Crudup, 461 F.3d at 440.

A revocation sentence is procedurally reasonable if the district court considered the Chapter Seven policy statement range and the applicable statutory sentencing factors. Id. A revocation sentence is substantively reasonable if the court stated a proper basis for concluding that the defendant should receive the sentence imposed, up to the statutory maximum. Id. "A court need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a post-conviction sentence, but it still 'must provide a statement of reasons for the sentence imposed.'" United States v. Thompson, 595 F.3d at 547 (quoting United States v. Moulden, 478 F.3d 652, 657 (4th Cir 2007)).

We conclude that Grant's sentence is procedurally and substantively reasonable. The district court stated that it had considered relevant § 3553(a) factors, and the court was aware of Grant's policy statement range of 6-12 months. Further, the court provided a sufficiently individualized assessment in fashioning the revocation sentence. In this regard, the court was especially troubled by Grant's persistent drug use.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm. This court requires that counsel inform

3

Grant, in writing, of the right to petition the Supreme Court of the United States for further review. If Grant requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Grant.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>